United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3132

Robert Ross,                      *

                                *

        Plaintiff - Appellant,     *  Appeal from the United States

                                *  District Court for the District

   v.                        *  of Nebraska.

                                *

Beech Aircraft Corporation,     *     [UNPUBLISHED]

                                *

        Defendant - Appellee.    *

_____

Submitted: March 13, 1997
Filed: August 7, 1997
_____

Before McMILLIAN, FLOYD R. GIBSON, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Robert Ross appeals the district court's[1] entry of summary judgment in favor of Beech Aircraft Corporation ("Beech"). We affirm.

On August 26, 1989, Ross sustained serious brain damage when the airplane he was flying crashed in Mexicali, Mexico. Ross, a resident of California, had rented the craft, which was designed and manufactured by Beech, from the Hayword, California

---

[1]The HONORABLE THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska.

Airport for a short international excursion. At the time of impact, Ross and his companions were returning to the United States. Ross's injuries required him to be placed in conservatorship until June 25, 1991.

All of the passengers on the plane or their legal representatives, except Ross, reached a settlement with Beech after filing a timely suit in California state court. Ross subsequently commenced litigation against Beech in California state and federal courts, but both actions were dismissed as untimely under California's one year statute of limitations for product liability cases. Not to be discouraged, Ross then invoked diversity jurisdiction to file a Complaint against Beech in the United States District Court for the District of Nebraska. Interestingly, the relevant statute of limitations in Nebraska permits lawsuits filed within four years of injury. See Neb. Rev. Stat. § 25-224(1) (1995).

Following discovery, a magistrate judge[2] held a pretrial conference at which he ruled, over Ross's objection, that Beech could specify as a controverted issue the applicability of Nebraska's statute of repose. Ross complained that the law, which shields a manufacturer from liability for injuries occuring over ten years after an allegedly defective product was first sold to a consumer, see Neb. Rev. Stat. § 25-224(2) (1995), should not provide protection to Beech because the company had not included the statute as a defense in its Answer. The magistrate judge disagreed with Ross and designated the statute of repose as an issue and potential defense in the case; Ross appealed to a district judge, who affirmed the magistrate's decision.

Beech thereafter relied upon Nebraska's statute of repose in a motion for summary judgment. The district judge granted the motion after concluding that the forum state's choice of law analysis compelled the application of Nebraska's, rather

---

[2]The HONORABLE THOMAS D. THALKEN, United States Magistrate Judge for the District of Nebraska.

than California's, substantive law. Because an affiliate of Beech sold the aircraft to a consumer on July 21, 1978, more than ten years prior to Ross's accident, the district court decided that the statute of repose completely insulated Beech from liability. In so holding, the court rejected Ross's claim that Beech's 1984 republication of the plane's "Pilot Operating Handbook" constituted a reissue of the product that extended or tolled the statute of repose. Consequently, the district court considered summary judgment appropriate and dismissed Ross's Complaint.

In this appeal, Ross contends that the district court committed error when it allowed Beech, at the pretrial conference, to identify the statute of repose as a controverted issue. In addition, Ross criticizes the district court's conclusion that Nebraska law should govern this action. Ross argues that California, which has not yet enacted a statute of repose, bears a more substantial relation to this litigation and should supply the substantive legal framework to guide the court's analysis. Furthermore, even assuming that Nebraska law controls in this diversity case, Ross maintains that the statute of repose does not operate as a bar to all of his claims. In like manner, he contends that his defective design claim remains viable because Beech's republication of the Pilot Operating Handbook renewed the ten year window of Nebraska's statute of repose.

We affirm the district court's judgment for the reasons set forth in its thorough and well-reasoned memorandum opinion. Contrary to what Ross may believe, the court did not abuse its discretion when it allowed Beech to designate the applicability of the statute of repose as a controverted issue. See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir. 1990)("[T]he district court has wide discretion in its regulation of pretrial matters."). In addition, the court correctly applied Nebraska's choice of law rules in considering which state's laws should govern this case. See Harper v. Silva, 399 N.W.2d 826, 828 (Neb. 1987)(explaining that Nebraska "appears" to follow the choice of law rules embodied in the Restatement (Second) of Conflicts of Laws). Having rightly decided that Nebraska's law is the appropriate choice, the

court properly deemed all of Ross's causes of action barred under the ten year statute of repose.[3]  See Neb. Rev. Stat. § 25-224(2).  Moreover, the court did not commit error when it held that Beech's republication of the Pilot Operating Handbook failed to reopen the ten year period of repose.  See Alexander v. Beech Aircraft Corp., 952 F.2d 1215, 1219-21 (10th Cir. 1991)(holding that issuance of revised operating handbook did not recommence running of Indiana's statute of repose).

Based on our careful consideration of the record, the parties' briefs, and the relevant authorities, we have concluded that an extended discussion of Ross's claims would serve no useful purpose.  Accordingly, we summarily affirm the district court's judgment.  See 8th Cir. R. 47B.

AFFIRMED.

_____

[3]Ross's Complaint appears to contain two grounds for relief.  The first claim seems to seek damages based on the defective design of the aircraft.  The second cause of action broadly charges that Beech "negligently and carelessly manufactured, assembled, tested, or failed to test, failed to warn, inspected, packaged, labeled, distributed, recommended and sold" the plane.  After inspecting the Complaint, it is clear to us that all of Ross's claims qualify as  "products liability action[s]" which are subject to the statute of repose.  Neb. Rev. Stat. § 25-224(2); see also id. § 25-21,180 (1995)("As used in section[] 25-224, . . . [p]roduct liability action shall mean any action brought against a manufacturer, seller, or lessor of a product, regardless of the substantive legal theory or theories upon which the action is brought . . . .").

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.